### SAMUEL SNYDER v. COMMONWEALTH.

**Criminal Law—Instructions.**
>     Where the accused is charged with forgery of a note, he cannot be convicted of altering a forged note, and an instruction to that effect is erroneous.

**Indictment.**
>     An indictment is defective when it attempts to charge forgery but only charges in substance that the commonwealth accuses the defendant of the crime of forgery, by forging the names of John Glenn and Hilry Bell to a note. Such a charge fails to set out how the offense was committed, and no facts are pleaded from which it may appear that a crime has been committed.

### APPEAL FROM DAVIESS CIRCUIT COURT.

### February 11, 1876.

OPINION BY JUDGE PETERS:

The grand jury of Daviess county found an indictment against appellant which is in the following language:

The grand jury of the county of Daviess, in the name and by the authority of the commonwealth of Kentucky, accuses Samuel Snyder of the crime of forgery, committed in manner and form as follows, to wit: "The said Samuel Snyder in the said county of Daviess on the ———— day of September, 1874, and before the finding of this indictment, did forge the names of John Glenn and Hilry Bell to an instrument purporting to be the promissory note of Samuel Snyder, John Glenn and Hilry Bell for two hundred dollars, payable

to H. Lucas on or before the 1st day of December, 1874, with interest at the rate of 10 per cent. per annum from the 28th of September, 1874, with intent to defraud, contrary to the form of the statute."

After a demurrer to the indictment was overruled, appellant was tried thereon and convicted to confinement in the penitentiary for two years, and his motion for a new trial having been overruled, he has appealed to this court.

It does not appear in the transcript that there was any motion to arrest the judgment. But after the evidence was heard, the court instructed the jury that if they had a reasonable doubt whether defendant signed or procured to be signed the names of John Glenn and Hilry Bell or one of them to the note described, or whether the said Glenn and Bell signed or authorized the same to be signed for them, or whether he intended to commit a fraud by using the said note as the genuine note of said Glenn or Bell, they ought to acquit the defendant of the forgery charged in the indictment. But if they believed from the evidence that the said note as to John Glenn and Hilry Bell, or one of them, is false and forged, and that the defendant knew it was false and forged, and so knowing placed it in the hands of Lucas as and for a genuine note as to said Glenn or Bell, they ought to find defendant guilty of uttering the same and assess his punishment as stated in the first instruction. To the giving the first and second instruction appellant excepted.

By Sec. 7, Art. 9, Chap. 29, General Statutes, p. 332, it is provided that if any person shall forge or counterfeit any writing whatever, whereby fraudulently to obtain the possession of or deprive another of any money or property, or cause him to be injured in his estate or lawful rights, or if he shall utter and publish such instrument, knowing it to be forged and counterfeited, he shall be confined in the penitentiary not less than two nor more than ten years.

The punishment of each of the offenses described in said section is the same, but they are different and distinct offenses; nor could they be charged in the same indictment; and where as in this case but one of the offenses is charged in the indictment, the party indicted could not be convicted of the other. A party thus prosecuted would never know what offense he would be required to answer.

As the case must be reversed for the erroneous instruction, it is proper to remark that the indictment fails to set out how the offense was committed. No facts or circumstances are given from which it may appear that a crime has been committed. The extent and sub-

stance of the charge is that the commonwealth accuses Samuel Snyder of the crime of forgery, by forging the names of John Glenn and Hilry Bell to a note.

The judgment must be *reversed* and the cause remanded with directions to award a new trial, and for further proceedings consistent herewith.

*G. W. Swoope, for appellant.     T. E. Moss, for appellee.*